GEORGE H. PHELPS & others *vs.* JERUSHA R. PALMER & another.

A judgment creditor who has levied his execution on real estate held by his debtor in common with third persons cannot petition for partition of the estate till after the expiration of the year within which the debtor may redeem.

PETITION for partition of real estate under Rev. Sts. *c.* 103. At the trial in the superior court before *Putnam*, J., a verdict was returned for the petitioners, and the respondent alleged exceptions, the material part of which is stated in the opinion.

*J. E. Field*, ( *G. J. Tucker* with him,) for the respondents.

*M. Wilcox*, for the petitioners, cited Rev. Sts. *c.* 103, §§ 1, 3, *c.* 73, §§ 8, 10; *Nason* v. *Grant*, 21 Maine, 160; *Mussey* v. *Sanborn*, 15 Mass. 155; *Hunnewell* v. *Taylor*, 6 Cush. 475, 476; *Rich* v. *Ford*, 18 Pick. 322, 327.

DEWEY, J. The first question to be considered is whether the petitioners at the time of filing this petition had such an estate in the premises of which partition is asked as authorizes them to maintain a petition for partition.

Their title is that of judgment creditors levying their executions upon the estate of a debtor who holds an interest in common with others, and taking thereby such an estate in common as such levy would give, but commencing their proceedings for a partition before the expiration of one year from the date of the levy, and, of course, before the debtor's right of redemption had expired. The Rev. Sts. *c.* 103, § 1, authorize partition between joint tenants, coparceners, or tenants in common, and § 3 provides that such petition may be maintained by any person who has an estate in possession. It was undoubtedly the purpose of this statute to extend this privilege to a partition liberally. Taking the words of the statute in their broadest import, they might be thought to embrace the case of a judgment creditor who had levied upon the interest of his debtor in real estate, and had acquired the rights accruing by such levy, including that seisin and possession which the law requires the officer making the levy to give to the creditor.

The question here presented is not free from embarrassment, not only by reason of the phraseology of the Revised Statutes as to the cases where the right of partition is given, but also of the practical application of the statute, as held in the case of *Rich* v. *Lord*, 18 Pick. 322. That case seems to hold that if the owner of an undivided portion of land execute a mortgage deed of the same, the mortgagee is entitled to maintain his petition for partition with the cotenant of the mortgagor, although the mortgagor remains in possession and no foreclosure has taken place.

On the other hand, we have the provision of Rev. Sts. *c.* 103, § 47, enacted since the filing of the petition in the case of *Rich* v. *Lord*, providing " that any person having a mortgage, attachment, or other lien on the share of any part-owner shall be concluded by the judgment, so far as it respects the partition," thus strongly indicating that the mortgagor was the proper party to institute proceedings in partition — certainly making him a proper party, if not exclusively the proper party.

But what is more controlling, perhaps, is the case of *Ewer* v. *Hobbs*, 5 Met. 1, in which the views of the court, as expressed by the late chief justice, would seem decisive against maintaining the present petition. That case, it is true, differs from the present in its details, and may be supposed to have been decided upon its peculiar circumstances. But in any aspect, it must be held to be a construction of the Rev. Sts. *c.* 103, adverse to giving unlimited application to the very general language found in the first and third sections of that chapter. The parties petitioners and respondents in that case were mortgagees and tenants in common, both holding under mortgages of the same date and not foreclosed; in this state of the title one of the mortgagees filed a petition, seeking a partition as against the other mortgagee, his cotenant; and it was held that, until a foreclosure of the mortgage was effected, the estate of the petitioner in the land was not such an estate as would sustain the petition for partition. It was said by the court in that case : " The statute does not contain any express limitation, but we think it results from the several provisions taken together, from the obvious

purposes of the process of partition, and from the nature of the interest of such mortgagees." The strong objection then pressing upon the mind of the court apparently was that it was "a defeasible, redeemable and fluctuating interest," and therefore not properly the foundation of a petition for partition.

We think these objections strongly apply to the case of a judgment creditor who has levied on the real estate of his debtor, and who, before the debtor's right of redemption has expired, seeks to have partition made between himself and a person holding as tenant in common with his debtor.

The estate of the petitioners was certainly a defeasible estate for the period of one year after the levy. The proceedings, if pending, might at any stage of the case be arrested and defeated by the debtor's redeeming the estate, and this without any act on the part of the petitioner. The interest of the creditor in a title acquired by levy is a qualified title, the statute reserving to the debtor a right to redeem within one year, which right should be preserved to him in an unimpaired and unembarrassed state. It is true that the levy puts the creditor into possession with the right to take the rents and profits, but the creditor is obliged to account with the debtor for all such income if the same be more than the interest on the debt levied, and he is only authorized to make reasonable expenditures in repairing and improving the premises; all looking to the estate as one which may be resumed and over which no absolute title has as yet vested in the creditor.

In the opinion of the court, the right to maintain such petition for partition does not attach to a levy by a judgment creditor on the real estate of his debtor, until the estate becomes absolute in the creditor by the neglect of the debtor to redeem the same within one year from the date of such levy. The present petition was instituted within three months from the time of the levy, and was therefore prematurely instituted.

The petitioners having no legal right to maintain this petition at the time of instituting this proceeding, the fact that the period of one year from the levy has since elapsed, without any redemption by the debtor does not affect the result. The right

of the petitioners to maintain the present petition must depend upon the facts as they existed when it was instituted. *Hunnewell* v. *Taylor*, 6 Cush. 472.                     *Exceptions sustained.*